IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LEE E. ANDERSON                                                                          PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:11cv532-CWR-FKB

MICHAEL J. ASTRUE, COMMISSIONER                                          DEFENDANT
SOCIAL SECURITY ADMINISTRATION
_____

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

        This cause is before the undersigned United States Magistrate Judge for a Report and

Recommendation regarding the appeal by Lee E. Anderson of the Commissioner of Social

Security's final decision denying Anderson's application for a period of disability, Disability

Insurance Benefits (DIB), and Supplemental Security Income (SSI).  In rendering this

recommendation regarding Anderson's appeal, the Court has carefully reviewed the

administrative record regarding Anderson's claims (including the administrative decision, the

medical records and a transcript of the hearing before the Administrative Law Judge ("ALJ"));

the plaintiff's filings, the defendant's Motion to Affirm the Decision of the Commissioner, and

its accompanying brief.  For the reasons discussed in this Report and Recommendation, the

undersigned recommends that the Defendant's Motion to Affirm the Decision (Docket No. 10) be

granted.

I. FACTS

A.  Procedural History

        Anderson was born on August 21, 1957, and was fifty-three years of age on the date of

the ALJ's decision (R. 108, Docket No. 8-5 at 2). He applied for a period of disability, DIB, and

SSI on November 4, 2009.[1]  Docket Nos. 8-2 at 10, 8-6 at 2.  Plaintiff alleged that the illnesses, injuries, or conditions that limit his ability to work are his back, left knee, high blood pressure, pancreatitis, and arthritis.  Docket No. 8-6 at 20. In response to a questionnaire about the source of his pain, he stated that he also suffered from hemorrhoids, as well as pain in his back, hip, knee, stomach, shoulder, and wrist.  Id. at 7.  In the past, he has worked as a material handler, constructor of pallets, and mail carrier, although the mail carrier position is not considered "past relevant" work.  Id. at 21.   Plaintiff's applications were denied initially and upon reconsideration.  Docket No. 8-2 at 10.  He requested an administrative hearing, which was held on February 11, 2011, by video.  Id.  Thereafter, the ALJ issued a decision finding that Plaintiff was not disabled at any time from December 31, 1999, his alleged onset date, through the date of his decision, March 21, 2011.[2] The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and, after briefing in this Court, this matter is ripe for review. Although Plaintiff was represented by counsel during the hearing before the ALJ, he is proceeding *pro se* before the Court.

<u>B.  Hearing Decision</u>

In his decision, the ALJ found that Plaintiff has the severe impairments of left knee and lumbar spine disorders.   Docket No. 8-2 at 13.  The ALJ also determined that Plaintiff's

---

[1]According to his initial application, Plaintiff had previously filed applications for disability insurance and DIB in 1992 and 1993.  It is unknown whether those denials were appealed, and, in any event, those applications are not currently before the Court. Docket No. 8-6 at 3 to 4.

[2]  In his decision, the ALJ noted that Plaintiff was insured through September 30, 2005, and, thus, Anderson had to establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits.  Docket No. 8-2 at 10.

diabetes, pancreatitis, and high blood pressure are less than severe, based upon his compliance

with diet and medications, as well as his reduction in alcohol intake.  Id.  The ALJ considered

Anderson's allegations of right wrist problems and respiratory issues, but found that they were

not medically determinable impairments due to the lack of any significant treatment for those

claims.  Id.  Finally, the ALJ considered Plaintiff's statements that he no longer has substance

abuse problems along with the lack of reoccurring visits to the emergency room related to his

pancreas to conclude that "claimant's medically determinable mental impairment of alcohol

dependence does not cause more than a minimal limitation in the claimant's ability to perform

basic mental work activities and is thus nonsevere."  Id. at 14.

Considering the foregoing conditions, the ALJ determined that Anderson did not have an

impairment or combination of impairments that met or medically equaled one of the listed

impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525,

404.1526, 416.920(d), 416.925, and 416.926). After careful review of the entire record, he found

that Plaintiff had the residual functional capacity ("RFC") to perform "light work as defined in

20 CFR 404.1567(b) and 416.967.(b), except that he can balance and stoop no more than

frequently; he can climb ramps, stairs, ladders, ropes or scaffolds no more than the occasionally;

and he can kneel, crouch, or crawl no more than the occasionally."  Docket No. 8-2 at 14.

The ALJ based his decision on consideration of the medical evidence, including a

consultative examination, and the hearing testimony.  Id. at 15.  The ALJ gave attention to

Plaintiff's testimony that his left knee is in a state of constant pain.  Id.  However, the

consultative examining doctor noted in March 2010 that Plaintiff had a full range of motion in

his lower extremities, that he only slightly favored his left knee when he walked, and that

although he used a cane to walk, he was also able to walk without it.  <u>Id.</u>  The ALJ also observed

that "the claimant's testimony that, in September 2010, he was helping someone move a [bed]

box spring" was activity that was not consistent with the level of impairment Anderson had

alleged.  <u>Id.</u>  The ALJ noted that there were no statements from either his treating physician or

the consultative examiner regarding functioning limits, therefore he relied on the state agency

reviewer's opinions and his own assessments of RFC.  <u>Id.</u>

With these limitations in mind, the ALJ determined that Plaintiff is unable to perform any

past relevant work as a material handler (classified as heavy, semi-skilled work) or constructor

of pallets (classified as light, unskilled work).  <u>Id.</u> at 16.  The ALJ noted that on his alleged

disability onset date in 1999, Plaintiff was 42 years old, which is defined as "an individual

closely approaching advanced age."  <u>Id.</u>  The ALJ observed that Anderson has at least a high

school education and is able to communicate in English.  <u>Id.</u>  Further, the ALJ concluded that

transferability of job skills is not material to the determination of disability "because using the

Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,'

whether or not the claimant has transferable job skills."  <u>Id.</u>  Finally, the ALJ concluded that

considering the foregoing variables, and the testimony of a vocational expert, jobs exist in

significant numbers in the national economy that Plaintiff can perform, such as a parking lot

attendant, a textile checker, and a cashier.  <u>Id.</u> at 16-17.  Thus, the ALJ concluded that Plaintiff

was not disabled, as defined by the Social Security Act, from December 31, 1999, through

March 21, 2011, the date of the decision.

<u>C.  Medical History</u>

The undersigned has reviewed the medical records, as well as the detailed medical record

summaries as set forth in Plaintiff's filings and Defendant's brief, and has determined that a detailed recitation of the records is not necessary in this Report and Recommendation.

## II. STANDARD OF REVIEW

The undersigned recognizes that this Court's review is limited to an inquiry into whether there is substantial evidence to support the Commissioner's findings, <u>Richardson v. Perales</u>, 402 U.S. 389, 390, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); <u>Falco v. Shalala</u>, 27 F.3d 160, 163 (5th Cir. 1994); <u>Villa v. Sullivan</u>, 895 F.2d 1019, 1021 (5th Cir. 1990). The Fifth Circuit has defined the "substantial evidence" standard as follows:

> [s]ubstantial evidence means more than a scintilla, less than a preponderance, and is:
>> such relevant evidence as a reasonable mind might accept to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established, but "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."

<u>Abshire v. Bowen</u>, 848 F.2d 638, 640 (5th Cir. 1988 )(quoting <u>Hames v. Heckler</u>, 707 F.2d 162, 164 (5th Cir. 1983)(citations omitted)). In applying the substantial evidence standard, the court must carefully examine the entire record but must refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner. <u>Ripley v. Chater</u>, 67 F.3d 552, 555 (5th Cir. 1995). Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve. <u>Martinez v. Chater</u>, 64 F.3d 172, 174 (5th Cir. 1995). Hence, if the Commissioner's decision is supported by the evidence, and the proper legal standards were applied, the decision is conclusive and must be upheld by this court. <u>Paul v. Shalala</u>, 29 F.3d 208, 210 (5th Cir. 1994), <u>overruled on other grounds</u>, <u>Sims v. Apfel</u>, 530 U.S. 103, 120 S.Ct.

2080, 147 L. Ed. 2d 80 (2000).

### III. DISCUSSION OF THE ALLEGED ERRORS
### AND APPLICABLE LAW

The Plaintiff, proceeding *pro se*, does not set forth formal issues on appeal, but argues, in general, that the hearing decision should be reversed, and that he should be awarded benefits. He has also filed various medical records for treatment dated *after* the ALJ issued his decision in March 2011. See Docket No. 9.  In addition, he appears to contend that he suffers from mental problems, which was not a condition he alleged in his initial application or the administrative hearing, where he was represented by counsel. See Docket No. 9 at 2, 6.  In response, the Commissioner argues that substantial evidence supports the ALJ's decision that Plaintiff is not disabled and that the newly submitted medical records are not relevant to the period considered by the ALJ in this case, therefore remand is not appropriate.

Once again, the standard of review for this court is clear.  The ALJ's decision on disability must be upheld if it is supported by substantial evidence.  The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ who had an opportunity to observe whether he or she seemed to be disabled.  Harrell v. Bowen, 862 F.2d 471, 480 (5th Cir. 1988). When the record contains substantial evidence to support the ALJ's decision, the Court must give considerable deference to the ALJ's evaluation of the plaintiff's credibility and severity of limitations. Wren v. Sullivan, 925 F.2d 123, 128 (5th Cir. 1991).

A review of the decision and the medical evidence shows that substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled within the meaning of the Social Security Act.  Based on Dr. Yates's consultative examination, the ALJ found that Plaintiff's

knee and lumbar spine disorders were severe. However, the ALJ also considered Plaintiff's complaints of pain and limitations, as well as the medical records consisting of the evaluation of state examiner Dr. Hand, the treatment notes of Dr. Woodall, and Plaintiff's VA medical record. The ALJ ultimately determined that Plaintiff's other alleged ailments of diabetes, pancreatitis, and high blood pressure were less than severe, and that the medical record was silent on his allegations of right wrist and respiratory issues. The ALJ's decision demonstrates that he considered the medical evidence on record, as well as Anderson's complaints of pain along with his activities. The undersigned has also considered the medical and other evidence and finds that the record contains substantial evidence to support the ALJ's decision.

Furthermore, substantial evidence supports the ALJ's determination of RFC and his reliance upon vocational expert testimony. While the ALJ noted that he was "without the benefit of any statement from either his treating physician or the consultative examiner regarding any functioning limits," Docket No. 8-2 at 15, he discussed the results of the consultative examination in conjunction with the other medical records. Taking into account Plaintiff's conditions, the ALJ posed comprehensive questions to the vocational expert during the hearing. The undersigned finds that the hypothetical reasonably incorporated the disabilities of the claimant as recognized by the ALJ, and Plaintiff's counsel was given an opportunity to pose additional questions to the vocational expert, but declined. The Court finds no basis to disturb the ALJ's ruling. See Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994)(finding, *inter alia*, that a hypothetical question posed to a vocational expert by the ALJ should incorporate reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative should be afforded the opportunity to correct deficiencies.).

Finally, the submission of new medical records does not warrant a remand.  <u>See</u> Docket No. 9 (102 pages of medical records).  For the Court to consider untimely evidence as sufficient grounds for remand, the plaintiff must establish the following factors:

1.  There is new, noncumulative evidence;

2.  The evidence is "material;" that is relevant, probative, and likely to have changed the outcome of the determination; and

3.  There is good cause for failure to submit the evidence at the administrative level.

42 U.S.C. § 405(g); <u>Pierre v. Sullivan</u>, 884 F.2d 799, 803 (5th Cir. 1989); <u>Dorsey v. Heckler</u>, 702 F.2d 597, 604 (5th Cir. 1983).  "Implicit in the materiality requirement . . . 'is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.'" <u>Johnson v. Heckler</u>, 767 F.2d 180, 183 (5th Cir. 1985)(quoting <u>Szubak v. Secretary of Health & Human Servs.</u>, 745 F.2d 831, 833 (3d Cir. 1984)).  As the government points out, the vast majority of the records submitted by Plaintiff concern Plaintiff's condition after the ALJ issued his decision in March 2011.[3]  Accordingly, this evidence is not relevant to the time period considered by the ALJ, and the undersigned does not recommend remand for consideration of the evidence.  <u>See</u> <u>Falco v. Shalala</u>, 27 F.3d 160, 164 (5th Cir. 1994)(request for

---

[3]Most of the records pre-dating the ALJ's decision are located at Docket No. 9 at 72 to 82.  These records document plaintiff's treatment for chronic constipation in 2008 and 2009, and a February 3, 2011, x-ray of a ganglion cyst on his right wrist.  The cyst was removed without complications on September 26, 2011, after the date of the ALJ's decision.  Docket No. 9 at 83.  The remaining records pre-dating the ALJ's decision date from September 2008, when Plaintiff was treated for low back pain.  <u>See</u> Docket No. 9 at 97 to 102.  Because the ALJ found Plaintiff's lumbar spine disorder to be "severe," these records are cumulative to those considered by the ALJ, and, thus, do not provide grounds for remand.

remand for consideration of additional evidence rejected by Fifth Circuit because evidence reflected subsequent deterioration of previously non-disabling condition.).

## IV. CONCLUSION

In sum, the undersigned finds that the ALJ correctly analyzed the applicable law, that substantial evidence supports this decision, and that no reversible error exists. Accordingly, the undersigned recommends that the Motion to Affirm the Commissioner's Decision be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 8th day of February, 2013.

      /s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE