IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LEE E. ANDERSON**                                                                                **PLAINTIFF**

v.                                                                  **Cause No. 3:11-CV-532-CWR-FKB**

**CAROLYN W. COLVIN, ACTING COMMISSIONER,
UNITED STATES SOCIAL SECURITY ADMINISTRATION** [1]        **DEFENDANT**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation of the United States Magistrate Judge (hereinafter "Report and Recommendation"), Docket No. 13, to grant Defendant's Motion to Affirm the Decision of the Commissioner, Docket No. 10. Plaintiff has objected, Docket No. 14, and Defendant has replied, Docket No. 15. The Court affirms the Report and Recommendation affirming the Commissioner's Decision.

    I.    *Standard of Review*

When a party objects to a Report and Recommendation, this Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). "On judicial review, the ALJ's determination that a claimant is not disabled will be upheld, if the findings of fact upon which it is based are supported by substantial evidence on the record as a whole, and if it was reached through the application of proper legal standards." *Loza v. Apfel*, 219 F.3d 378, 389 (5th Cir. 2000) (citations omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007) (citation and quotation marks omitted). "In applying the substantial evidence standard, we scrutinize the record to determine whether such evidence is present." *Greenspan v. Shalala*, 38

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of the Social Security Act, 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

F.3d 232, 236 (5th Cir. 1994) (citation omitted). "We may not reweigh the evidence or substitute our judgment for that of the Commissioner." *Audler*, 501 F.3d at 447 (citation omitted).

The federal courts review the Acting Commissioner's denial of Social Security benefits only to ascertain (1) whether the final decision is supported by substantial evidence and (2) whether the Acting Commissioner used the proper legal standards to evaluate the evidence. *See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). While undertaking this review, "the Court is mindful of the beneficial purpose of the Social Security Act and its corresponding administrative regulations and rulings." *Brown v. Comm'r of Soc. Sec.*, No. 3:10-CV-268-CWR-FKB, 2011 WL 5981007 (S.D. Miss. Nov. 29, 2011). These rules also serve as the basis for this Court's review of the ALJ's decision; Mississippi state law does not apply.

## II. Discussion

Having carefully reviewed the record, the Report and Recommendation, and the relevant pleadings, the Court will adopt the Report and Recommendation for the reasons stated therein. The Court provides the following as a response to the Plaintiff's objections.

Plaintiff, who is *pro se*, does not directly address the Magistrate Judge's Report and Recommendation—other than to assert that he is disabled—and appears to raise a number of issues regarding his medical conditions, asserting: (1) he cannot balance, stoop, kneel, crouch, crawl, or climb; (2) he walks with a cane; (3) he was recently diagnosed with gout; (4) he is being treated for "paranoid alcoholism" but not alcohol dependency; (5) he has been treated by a psychiatrist; (6) his condition has worsened; (7) he was admitted to the hospital in December 2012; and (8) he had surgery on his right wrist in September 2011. He also submitted a list of medications from February 2013. *See* Docket No. 14.

With regard to Plaintiff's recent diagnosis of gout, his contention that his condition has worsened, his December 2012 hospitalization, his September 2011 surgery, and his medication list dated February 2013, this evidence is not relevant to the period considered by the ALJ in this case, and remand for additional discussion of this evidence is not appropriate. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). This Court may remand for the consideration of evidence not before the ALJ only if the evidence is (1) new, (2) material, and (3) good cause has been shown for the failure to incorporate the evidence into the record in a prior proceeding. *Dorsey v.*

*Heckler*, 702 F.2d 597, 604 (5th Cir. 1983); 42 U.S.C. § 405(g). "Implicit in the materiality requirement. . . 'is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.'" *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985). Plaintiff, however, may consider whether he is eligible for disability benefits based on his new impairments and pursue the process of refiling for benefits.

Plaintiff contends that he is being treated for "paranoid alcoholism" rather than alcohol dependency. Plaintiff has not provided any medical evidence as to his treatment for "paranoid alcoholism." That claim was also not presented during his initial hearing with the ALJ. Nevertheless, Plaintiff's statements concerning alcoholism do not establish that he has an impairment that qualifies him to receive disability benefits. Indeed, the Contract with America Advancement Act of 1996, Pub. L. No. 104-21, codified as amended at 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(j), provides that an individual shall not be considered disabled if alcoholism or drug addiction would be a contributing factor material to the disability determination. The regulations implementing Section 423(d)(2)(C) provide that once it is determined that a claimant is disabled and there is medical evidence of addiction or alcoholism, it must then be determined whether drug addiction or alcoholism is a contributing factor material to the determination of a disability. *See* 20 C.F.R. § 404.1535 (2011). However, in this case, since the ALJ found that Plaintiff was not disabled, he did not need to determine whether drug addiction or alcoholism materially contributed to a finding of disability. The ALJ also specifically found that Plaintiff's alcoholism was a non-severe impairment and that the evidence suggested that Plaintiff's alcohol dependency was in remission based on Plaintiff's sworn testimony and the fact that he had not had reoccurring visits to the emergency room at that time. Docket No. 8, Ex. 2, at 13, 16.

As for his contention that he was seeing a psychiatrist "before the said date," there is no evidence in the record corroborating this statement. In fact, Plaintiff testified at the administrative hearing that he had no mental problems that would keep him from working. *Id*. at 31-32.

With regard to Plaintiff's contention that he requires a cane to ambulate, the ALJ specifically considered Plaintiff's use of a cane but also noted that Dr. Yates, the consultative examiner, found that Plaintiff had full range of motion in his extremities, he had no weakness in

the major muscle groups, his sensation was good, and, although Plaintiff used a cane, he could walk without it. *Id*. at 14; Docket No. 8, Ex. 7, at 333. Further, the ALJ considered Plaintiff's treatment notes from September 10, 2010, when Dr. Woodall reported that Plaintiff had some pain but was able to walk without crutches and had 5/5 motor strength throughout. *Id*. at 14; Docket No. 8, Ex. 9, at 398.

Lastly, Plaintiff has not provided any medical evidence supporting his contention that he is unable to balance, stoop, kneel, crouch, crawl, or climb. Nor has he identified any evidence that would undermine the ALJ's reliance on the opinion of Dr. Hand, the state agency medical consultant. Plaintiff states that Dr. Hand never treated him; the Acting Commissioner has acknowledged that he is correct. Dr. Hand is a state agency medical consultant who reviewed Plaintiff's medical records. It is proper, however, for an ALJ to rely on the opinion of a non-examining physician who has reached his conclusion based on a claimant's medical records. *Carrier v. Sullivan*, 944 F.2d 243, 246 (5th Cir. 1991); *Villa v. Sullivan*, 895 F.2d 1019, 1023-1024 (5th Cir. 1990).

### III. Conclusion

The administrative law judge's decision comports with relevant legal standards and is supported by substantial evidence. Accordingly, the Court hereby adopts in its entirety the magistrate judge's Report and Recommendation to grant Defendant's Motion to Affirm the Decision of the Commissioner. A Final Judgment shall be entered reflecting the same.

**SO ORDERED**, this the 4th day of December, 2013.

/s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE